

NEW JERSEY OFFICE
06 POMPTON AVENUE, SUITE 25
CEDAR GROVE, NJ 07009
(973) 239-4300

NEW YORK OFFICE
347 5TH AVENUE, SUITE 1402
NEW YORK, NY 10016
(646) 205-2259

LORRAINE@LGRLAWGROUP.COM
WWW.LGAULIRUFO.COM
FAX: (973) 239-4310

July 26, 2022

*Via ECF*
Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street, Suite 660
New York, NY 10007

Re: *United States v. Steve Kato*
11-cr-0455 (VM)

Dear Judge Marrero:

I write regarding my client Steve Kato, to request early termination of probation pursuant to 18 U.S.C. § 3583(e).

## BACKGROUND

On May 23, 2014, following a guilty plea to the Indictment, Your Honor sentenced Mr. Kato to 60 months' probation, with a condition of 6 months house arrest and 6 months of community service. *See* Judgement of Conviction, Dkt. No. 47. Mr. Kato had been compliant on his pretrial release for several years. Mr. Kato paid his fine of $5000 and his special assessment of $100 within a year of his sentence. Dkt. No. 52.

On May 23, 2014, Mr. Kato's five-year period of probation began, which would have expired on May 22, 2019. However, two months shy of the expiration date, on March 21, 2019, Mr. Kato was violated and pled guilty to three violations that occurred while he was on probation. These violations included, excessive use of alcohol, failure to comply with computer and internet monitoring, and failure to abide by the residential re-entry center rules. Dkt. No. 56. At sentencing on his probation violations, Your Honor revoked Mr. Kato's probation; imposed a

sentence of 9 months of home confinement with electronic monitoring, with exceptions for work, health related activities, community service, and activities related to supporting his parents; and imposed a new term of 36 months of supervised release. *Id.* A few weeks after this court date, Mr. Kato was brought before Your Honor for again violating the terms of his supervised release by failing to comply with co-occurring treatment and failing to comply with location monitoring. On November 15, 2019, Your Honor revoked Mr. Kato's prior sentence and imposed a 36-month term of supervised release, during which the same special conditions to which Mr. Kato was previously subject would continue to apply, with the exception that location monitoring would no longer be in effect. Dkt. No. 73.

    Mr. Kato has been on probation and supervision for over 8 years and was also on pretrial release for nearly 4 years prior to that.  During this time, Mr. Kato has had numerous hospital stays involving his substance abuse issues (alcohol) as well as his mental health issues.  Despite those problems, Mr. Kato was able to play a crucial role in caring for his parents, who are 89 and 99 years old. However, for the last year, Mr. Kato has not been able to care for his parents, as he himself has been plagued with a myriad of physical health issues. These illnesses have caused him to be hospitalized numerous times, most recently on July 1, 2022, where he remains today. Mr. Kato's physical condition has severely declined, leaving him dependent on adult absorbent briefs and without the use of his legs. He has also recently required a blood transfusion and a spinal tap procedure in which fluids were drawn from his lumbar vertebrae for evaluation. As a result of his illnesses, Mr. Kato has experienced a dramatic 75-pound weight loss in the last year. He has also transferred Medical Power of Attorney to his partner, Frances Hratko, who is currently making decisions regarding his treatment.  Since last appearing before Your Honor in November 2019, Mr. Kato has remained compliant with the terms of his probation.  In June of this year, Probation Officer Courtney Cooke visited Mr. Kato's home and witnessed his debilitated state. Officer Cooke has no objection to the termination of Mr. Kato's Probation. Jacob Guttwillig, AUSA, takes no position.

## STATUTORY AND CASE LAW BASIS FOR THIS REQUEST

    18 U.S.C. § 3583, Inclusion of a term of probation after imprisonment, provides in relevant part:

> (e) Modification of conditions or revocation – The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7),
>
> (1) terminate a term of probation and discharge the defendant released at any time after the expiration of one year of probation, pursuant to the provisions of the Federal Rules of  Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice(.)

Federal Rule of Criminal Procedure Rule 32.1 Revoking or Modifying Probation or Probation provides in applicable part:

> (c) Modification
>
> (1) In General. Before modifying the conditions of probation or probation, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.
>
> (2) Exceptions: A hearing is not required if:
>
> (A) the person waives the hearing; or
>
> (B) the relief sought is favorable to the person and does not extend the term of probation or probation; and
>
> (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

District Court Judges have recognized that early termination is appropriate in certain cases. *See U.S. v. Erskine*, 05-cr-1234(DC), 2021 WL 861270 at *1 (S.D.N.Y. Mar. 8, 2021) (granting early termination of supervision because the defendant demonstrated "exceptionally good behavior," including compliance with his supervision reintegration into the community, employment, and service to his family); *see also United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (holding that occasionally, "exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)").

THE FACT'S OF MR. KATO'S CASE SUPPORT EARLY TERMINATION OF PROBATION

While Mr. Kato's underlying offense was serious, other circumstances of §3553 (a)'s factors, including Mr. Kato's latest compliance with the terms of his supervision and poor and deteriorating health support the early termination of his probation. *Lussier* holds that early termination of probation is occasionally justified because of changed circumstances, such as good behavior or poor health. *Lussier,* 104 F.3d at 36. Mr. Kato has been on probation for nearly 8 years, and most recently since his last revocation sentencing in November 2019 -- 2 years and 8 months. Thus, more than one year has passed as the statute requires. In addition, he has been compliant for those last several years, and prior to his recent decline in health, he has been actively helping his elderly parents. Recently, Mr. Kato's health has been rapidly declining, and he experiences frequent hospitalizations and lower body incapacitation. Mr. Kato's good behavior in combination with his deteriorating condition support early termination of his probation. Mr. Kato's probation officer does not have an objection to his release. Mr. Guttwillig,

3

the AUSA in this matter, was advised on June 24, 2022 of the intention of the defense to seek early termination of probation. As of July 25, 2022, the Government does not take a position. Thus, the Statue and Federal Rules for early termination support Mr. Kato's request.

## CONCLUSION

For the reasons stated above, Mr. Kato respectfully requests this court to grant his request for termination of probation.

Respectfully submitted,
s/
Lorraine Gauli-Rufo
*Attorney for Steve Kato*

Cc: Jacob Guttwillig, AUSA.

```
Defendant's request to terminate his remaining
term of probation is hereby GRANTED.

SO ORDERED.

Dated: July 27, 2022
       New York, NY           _____
                              Victor Marrero
                              U.S.D.J.
```

4